UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

REJHANE LAZOJA,

    *Plaintiff*,

v.

KRISTJEN NIELSEN, in her official capacity as Secretary of UNITED STATES DEPARTMENT OF HOMELAND SECURITY; KEVIN K. MCALEENAN, in his official capacity as Commissioner, UNITED STATES CUSTOMS AND BORDER PROTECTION; ADELE FASANO, in his official capacity as Port Director, UNITED STATES CUSTOMS AND BORDER PROTECTION; JANE DOE, in her official capacity as an officer, UNITED STATES CUSTOMS AND BORDER PROTECTION; and JOHN DOES 1-2, in their official capacities as officers, UNITED STATES CUSTOMS AND BORDER PROTECTION.

    *Defendants*.

Case No. 18-cv-_____

**AFFIDAVIT OF REJHANE LAZOJA IN SUPPORT OF HER MOTION FOR RETURN OF PROPERTY**

Rejhane Lazoja, of full age, being duly sworn, upon her oath according to law, deposes and says:

1.    I am the Plaintiff in this suit, and am familiar with the facts set forth herein. I submit this affidavit in support of my Motion for Return of Property Under Federal Rule of Criminal Procedure 41(g).

1

2. On the evening of February 26, 2018, I arrived at Newark Liberty International Airport ("Newark") on a flight from Zurich, Switzerland with my six-year-old daughter.

3. While passing through U.S. Customs and Border Protection ("CBP") primary inspection at Newark, I used a self-service Automated Passport Control kiosk, which prompts travelers to scan their passports, take a photograph, and answer a series of questions verifying biographic and flight information. The kiosk provided me a receipt with an 'X' printed on my photograph.

4. I was directed by a CBP Officer to move to a separate line at the inspection point.

5. Two CBP Officers asked me several questions including where I traveled to.

6. I answered the questions.

7. A male CBP Officer escorted me to wait in a main seating area for several minutes.

8. A female CBP Officer ("Jane Doe") called me to follow her to a small room with CBP Officer John Doe 1 ("John Doe 1").

9. Jane Doe and John Doe 1 further questioned me about my travels and asked questions such as whether or not I was ever a refugee.

10. I am a practicing Muslim and wear a *hijab* (a headscarf) in accordance with my religious beliefs. Pursuant to my sincerely held beliefs, I cannot be seen in a state of undress by men who are not family members.

11. My cell phone contained photos of me in a state of undress without my *hijab*.

12. My cell phone contained legal communications with the Council on American-Islamic Relations, New York.

13. I asked if I needed an attorney and whether the questions were a result of my wearing a *hijab*.

14. Jane Doe and John Doe 1 replied that there was no need to contact a lawyer.

15. Jane Doe and John Doe 1 asked me if I carried any electronic devices on my person.

16. I assented and produced my iPhone 6S Plus ("iPhone") which contained a subscriber identity module ("SIM Card").

17. Jane Doe and John Doe 1 confiscated my iPhone and accompanying SIM Card.

18. John Doe 1 asked me to unlock my iPhone, but did not state a reason for me to unlock my iPhone.

19. Since there was no stated reason for me to unlock my iPhone, I refused.

20. Jane Doe led me out of the small room.

21. A male CBP Officer John Doe 2 ("John Doe 2") asked me to unlock my iPhone.

22. I refused to unlock my iPhone.

23. Jane Doe repeated her request that I unlock my iPhone, and said that she understood the sensitivity of sharing personal pictures, including any showing me undressed, without my *hijab*.

24. I refused to unlock my iPhone.

25. After accompanying me to the baggage claim area, Jane Doe opened and searched my luggage, asking if I had $10,000 or more in my possession.

26. Jane Doe and John Does 1-2 did not return my iPhone to me.

27. Jane Doe and John Does 1-2 provided me a receipt (No. 1199376) dated February 26, 2018. A true and correct copy of the receipt with my personal identifiers redacted is annexed hereto as Exhibit A.

27. Jane Doe and John Does 1-2 provided me a receipt (No. 1199376) dated February 26, 2018. A true and correct copy of the receipt with my personal identifiers redacted is annexed hereto as Exhibit A.

28. On July 6, 2018, I received my iPhone and SIM Card through my attorney, Jay Rehman.

DATED: August 22, 2018

By: _____
REJHANE LAZOJA

Sworn and subscribed to
Before me this 22 day
of August, 2018

_____

DEBORAH A. HANSEN
Notary Public, State of New York
No. 01HA6002250
Qualified in Richmond County
Commission Expires Feb. 2, 2022